# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY HARDMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. CV 07-3077-JTL<br><br>MEMORANDUM OPINION AND ORDER |

## PROCEEDINGS

On May 14, 2007, Peggy Hardman ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Disability Benefit Insurance and Supplemental Security Income benefits. On June 4, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On June 12, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on November 27, 2007, defendant filed an Answer to the Complaint. On December 16, 2007, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

# BACKGROUND

On August 3, 2004, plaintiff filed applications for Disability Insurance Benefits and Supplemental Social Security Income benefits alleging an onset date of March 21, 2003. (Administrative Record ["AR"] at 54-56; 171-72). The Commissioner denied plaintiff's application for benefits. (AR at 33, 34). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 40). Plaintiff's request for a hearing was originally denied as untimely, but subsequently granted. (See AR at 28-29; 37-38).

On August 21, 2006, the ALJ conducted a hearing in Downey, California. (See AR at 184-206). Plaintiff appeared at the hearing with counsel and testified. (See AR at 187-205). On November 9, 2006, the ALJ issued his decision denying benefits to plaintiff. (AR at 14-20). The ALJ concluded that plaintiff suffered from severe hypertension and arthritis which did not meet or equal the criteria of any of the listed impairments in 20 C.F.R. Section 404, Subpart P, Appendix 1, and that plaintiff did not suffer from a severe mental impairment. (AR at 16-18). The ALJ concluded that plaintiff retained the residual functional capacity to perform her past relevant work as a secretary/payroll clerk and office assistant and that plaintiff was, therefore, not disabled. (AR at 19-20). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 5-7).

Thereafter, plaintiff appealed to the United States District Court.

# PLAINTIFF'S CONTENTION

Plaintiff makes the following claim:

The ALJ erred in determining that plaintiff had a non-severe mental impairment and failed to met his duty to develop the record with regard to plaintiff's mental impairment.

///
///
///
///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.    The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is

presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Id. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     Whether the ALJ Improperly Concluded That Plaintiff Had a Non-Severe Mental Impairment**

Plaintiff alleges that the ALJ improperly concluded that plaintiff had a non-severe mental impairment. Plaintiff argues that the ALJ's determination that plaintiff did not suffer from a severe mental impairment is not supported by substantial evidence in the record and was, therefore, made in error. (Joint Stipulation at 4). Plaintiff argues that the ALJ should have ordered a mental consultative examination in order to properly develop the record. (Joint Stipulation at 7). Defendant argues in response that there was no indication that the record was inadequate or ambiguous regarding the severity of plaintiff's mental impairment and that the ALJ satisfied his duty to develop the record. (Joint Stipulation at 10-11).

Objective medical evidence of an underlying impairment is necessary to establish disability. 20 C.F.R. §§ 404.1528, 404.1529. However, mere diagnosis of an impairment is not sufficient to show severity. At step two of the sequential analysis, the ALJ must assess whether the claimant has a medically severe impairment or combination of impairments that significantly limits his or her ability to do basic work activities. Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005); 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities include the abilities and aptitudes necessary to do most jobs, such as the physical functions of walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; the capacity for seeing, hearing, and

speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b), 416.921(b).

An impairment is not severe if it is merely a slight abnormality, or combination of slight abnormalities, that has a minimal effect on the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a); Social Security Ruling ("SSR") 96-3(p)[1]; Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The burden is on the claimant to establish that his or her impairment is severe. Parra, 481 F.3d at 746. If the ALJ finds that the claimant lacks a medically severe impairment, the ALJ cannot find the claimant to be disabled. Webb, 433 F.3d at 686.

In his decision, the ALJ discussed the treatment notes from Compton Health Services ("Compton"), the only medical records regarding plaintiff's mental condition in the record, and concluded that plaintiff's treatment evinced moderate symptoms and significant improvement with the use of medication. (AR at 18; see AR at 142-51). The ALJ noted that plaintiff was treated by Compton from November 7, 2005 through July 12, 2006 and that plaintiff was initially seen for complaints of depression, insomnia, poor memory and concentration, and visual hallucinations of shadows. (AR at 18; see AR at 151). Plaintiff was then diagnosed with a major depressive disorder and assessed a Global Assessment of Functioning ("GAF") of 60, which indicates moderate mental symptoms.[2] (Id.). The ALJ found it notable that the assessment was made by a mental health worker, not a psychiatrist or psychologist, and, thus,

---

[1] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." Vargas v. Lambert, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998). A GAF score between 51 to 60 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." Diagnostic and Statistical Manual of Mental Disorders 34 (4th. ed, rev. 2000).

1 afforded the assessment less weight. (AR at 18).[3] The ALJ noted that the records from
2 Compton showed "significant improvement" in plaintiff's depression and hallucinations with the
3 use of the anti-depressant medications Desyrel and Risperdal. (AR at 18, see AR at 142). The
4 ALJ noted that there was no evidence of side effects from the medications. (Id.). The ALJ then
5 concluded that, "[g]iven the treatment evidence of only moderate mental symptoms upon intake
6 and significant improvement with medication usage, the [ALJ] finds no evidence that [plaintiff's]
7 depression imposes any significant barrier to sustained work activity." (AR at 18). The ALJ
8 further noted that plaintiff's testimony at the hearing did not evince any significant barriers to
9 sustained work activity. He noted that plaintiff testified that she "had less depression now than
10 in the past" and that "she testified that she experienced depression only 3 to 4 times a week."[4]
11 (AR at 18, see AR at 195-96). The ALJ noted that while plaintiff testified that her depression
12 impeded her ability to work and her daily activities, other parts of her testimony, as well as the
13 treatment notes from Compton, indicated significant improvement of her depression with
14 treatment. (AR at 19).

15    The record does not support the ALJ's conclusions. First, the ALJ concluded that the
16 medical records did not show that there was significant improvement regarding plaintiff's
17 depression. The records merely showed that during a 6-month period of time, plaintiff
18 communicated to the mental health worker on three occasions that the medication was helping
19 her and that she was less depressed. (AR at 142-43). Moreover, plaintiff testified that she was
20 still experience bouts of depression three to four times a week. The medical records showed

---

[3] Acceptable medical sources who can provide evidence to establish a medically determinable impairment include licensed or certified psychologists or physicians. See 20 C.F.R. § 404.1513(a). The Commissioner may also consider evidence from other medical sources, including nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists. See 20 C.F.R. § 404.1513(d).

[4] At the hearing, plaintiff testified that she saw shadows three to four times a week and experienced depression four of five times a week, not three or four times a week, as stated by the ALJ in his decision. (See AR at 18, 195-96). In light of the other evidence in the record documenting the improvement in plaintiff's depression, the Court finds that the ALJ's misstatement is harmless and, thus, cannot serve as the basis for remand. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (a decision of the ALJ will not be reversed for errors that are harmless).

that the medication was giving her hallucinations. (AR at 143). Plaintiff testified at the hearing that she was still seeing shadows three or four times a week and that the medication caused her to experience hallucinations. (AR at 195-96). Thus, the ALJ's conclusion that plaintiff's depression had significantly improved and that plaintiff was not suffering any side effects from the medication was not supported by the record.

Plaintiff also argues that the ALJ erred by not seeking a consultative psychiatric evaluation to determine the effect of plaintiff's mental impairment on plaintiff's ability to work. An ALJ's duty to develop the record arises where the record before the ALJ is ambiguous or inadequate to allow for proper evaluation of the evidence. 20 C.F.R. §§ 404.1512(e), 416.912(e); Mayes v. Massanari, 262 F.3d 963, 968 (9th Cir. 2001). When the evidence is ambiguous, or if the ALJ finds that the record is inadequate to allow for proper evaluation of disability, the ALJ's duty to develop the record is triggered and he or she must "conduct an appropriate inquiry." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); see also Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . ."). Although the ALJ has a duty to develop the record, the burden of proving disability remains on the claimant. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

The regulations authorize an ALJ to order a claimant to undergo a physical or mental examination if additional evidence needed is not contained in the records of the claimant's medical sources or a conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and the Commissioner is unable to do so by recontacting the claimant's medical source. See 20 C.F.R. §§ 404.1519a(b), 416.927(c)(3). The Commissioner "has broad latitude in ordering a consultative examination." Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001). Some types of cases, however, require a consultative examination, including those in which "additional evidence needed is not contained in the records of the claimant's medical sources" and those involving an "ambiguity or insufficiency in the evidence that must be resolved." Id. (citing 20 C.F.R. §§ 404.1519a(b)(1), (4), 416.919a(b)(1), (4)). This does not mean that a

claimant has an affirmative right to have a consultative examination performed by a chosen specialist. Reed, 270 F.3d at 842.

Here, plaintiff was diagnosed with depression. She was also taking medication to treat the depression. There was evidence in the medical records and at the hearing that plaintiff suffered from hallucinations and was still experiencing periods of depression at least three to four times a week. There was no report or other evidence from any licensed physician or psychologist addressing plaintiff's depression upon which the ALJ could rely. The record does not support defendant's argument that plaintiff's mental impairment was controlled or that there was a significant improvement in plaintiff's mental condition. Thus, the Court finds that the evidence regarding plaintiff's depression in the record was both ambiguous and inadequate to allow the ALJ to properly determine whether plaintiff was suffering from a severe mental impairment.

The ALJ erred when he failed to make any further inquiry into plaintiff's mental impairment. The ALJ's duty to develop the record exists even when the claimant is represented by counsel. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Moreover, the ALJ's duty to develop the record fully is heightened where the claimant may be mentally ill and thus unable to protect her own interests. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing Higbee v. Sullivan, 975 F.2d 558, 562 (9th Cir. 1992)); see, e.g., Prentice v. Apfel, 11 F. Supp. 2d 420, 427 (S.D.N.Y. 1998) (ALJ failed to discharge his duty to investigate when he did not elicit information about the nature or severity of plaintiff's depression from plaintiff's doctors or order a consultative examination by a psychiatrist or psychologist when there was ample evidence in the record suggesting the presence of a mental impairment). Here, the record is devoid of any reliable medical records or reports to substantiate the ALJ's conclusion.

**C.     Reversal and Remand is Appropriate**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would

remedy defects in the ALJ's decision, and where the record should be developed more fully. Id; see also Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Comm'r, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

In this case, the Court finds remand appropriate. On remand, the ALJ should further develop the record regarding plaintiff's mental impairment and order a consultative examination to address plaintiff's mental impairment.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 28, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE